UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**DAVID RIVERA,**

                  **Plaintiff,**

  -vs-                                              02-CV-1585
                                                           (TJM/DEP)

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

                  **Defendant.**

---

**Thomas J. McAvoy,**
**Senior United States District Judge**

## DECISION and ORDER

This matter was referred to the Hon. David E. Peebles, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 72.3(d) of the Local Rules of the Northern District of New York. In a Report and Recommendation dated November 10, 2005 ("Report-Recommendation"), Magistrate Judge Peebles recommended that Plaintiff's motion for judgment on the pleadings be granted and the matter be "remanded to the agency for further consideration consistent with [the] report." Id. p. 40. Plaintiff filed objections to the Report and Recommendation, arguing that the remand order should: (1) require the ALJ to consider certain evidence from lay witnesses; (2) require the ALJ to consider certain medical opinions as retrospective diagnoses; (3) require the ALJ to "reconsider and explain why Mr. Rivera's impairments meet or do not meet or equal the Listings of Impairments;" and (4) specifically require the Commissioner to reconsider the issue of reopening a prior application.

When objections to a magistrate judge's Report-Recommendation are lodged, the Court reviews the record *de novo*. See 28 U.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The [Court] may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id. After reviewing the matter *de novo* and examining Plaintiff's objections closely*,* the Court determines to adopt the Report and Recommendation in its entirety. The Magistrate Judge correctly analyzed the issues raised again in the objections, and correctly recommend the scope of appropriate remand in this case. See generally, Rep. Rec., see also id. at p. 38 ("I recommend that the court not direct a finding of disability, but instead remand the motion to the Commissioner for further proceedings including to adduce testimony of a vocational expert and, if deemed appropriate, to order further consultive examinations of the plaintiff and his records in order to ascertain plaintiff's condition, including any exertional and nonexertional limitations extant at the relevant times."). Therefore, it is hereby

**ORDERED** that Rivera's motion for judgment on the pleadings is **GRANTED**, the Commissioner's finding of no disability is **VACATED,** and this case is **REMANDED** to the agency for further proceedings consistent with this Decision and Order and Magistrate Judge Peeble's November 10, 2005 Report and Recommendation.

**IT IS SO ORDERED.**

Dated: March 30, 2006

Thomas J. McAvoy
Senior, U.S. District Judge

2