**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DAVID RIVERA,**

                              **Plaintiff,**

-against-                                         02-CV-1585

**MICHAEL J. ASTRUE,**[1]

                              **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

**DECISION & ORDER**

**I.   INTRODUCTION**

      Plaintiff David Rivera commenced this action against the Commissioner of Social Security, pursuant to 42 U.S.C. Section 405(g), for judicial review of the Commissioner's denial of disability benefits for Plaintiff.  See Compl. [dkt. #1].  In finding that the Plaintiff was not disabled at the relevant times, the Administrative Law Judge ("ALJ") rejected Plaintiff's subjective testimony and relied upon medical-vocational guidelines [hereinafter "the grid"] set forth in governing regulations.  See Rep.-Rec., p. 3 [dkt. # 19].  The Commissioner adopted the ALJ's findings.  Id.  Plaintiff appealed to this Court.  After

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, he is substituted for Commissioner Jo Anne B. Barnhart as the defendant.

1

reviewing the claims of both parties, the Hon. David E. Peebles, United States Magistrate Judge, issued a Report-Recommendation in Plaintiff's favor recommending that the Court vacate the Commissioner's finding for failure to consider all of the appropriate evidence mandated by statute, and remand the case to the agency for further consideration. Id. Although the Report-Recommendation was favorable to Plaintiff, Plaintiff filed objections asking the Court to make further findings in Plaintiff's favor.  The Court rejected the objections and  adopted the Report-Recommendation in its entirety.  See Dec. & Ord. [dkt. # 25].

Attorney Irwin Portnoy, Plaintiff's counsel, subsequently submitted a motion for payment of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. Section 2412(d).  The motion requested $16,422.60 in attorney fees, in addition to $43.06 for costs and expenses.  Id.  The supporting affidavits detailed 111.69 hours of attorney time, at $144.07, $148.49, $153.73, $151.64, and $162.79 per hour for time spent in 2002, 2003, 2004, 2005, and 2006, respectively.  Id.  The Commissioner of Social Security opposed the application as excessive and unreasonable.

## II.  STANDARD OF REVIEW

The high cost of litigation may deter individuals from seeking review of government decisions.  The EAJA aims to reduce this barrier by allowing for an award of attorney fees to successful litigants.  Trichilo v. Secretary of Health and Human Services, 823 F.2d 702, 704 (2d Cir. 1987).  Where a fee award is to be made under the EAJA, the Court is responsible for determining the appropriate amount of attorney's fees to be granted.  See Bingham v. Zolt, 66 F.3d 553, 565 (2d Cir. 1995).  Awards of attorney's fees are generally calculated by using the "lodestar" method.  See Pennsylvania v. Delaware Valley Citizens'

Council for Clean Air, 478 U.S. 546, 564 (1986).  The lodestar method involves a two-step process: first, multiplying "the hours reasonably expended on the litigation . . . [by] a reasonable hourly rate," and second, considering whether discretionary adjustments to this amount are appropriate.  Id.; Hensley v. Eckerhart, 461 U.S. 440 (1983); Mar Oil, S.A. v. Morrisey, 982 F.2d 830, 841 (2d Cir. 1993).

When employing the lodestar method, the Court will view the attorney's submitted time records.  An attorney should submit detailed records of the time spent on a particular matter to allow the Court to make a reasoned determination.  "Where adequate contemporaneous [time] records have not been kept, the court should not award the full amount requested."  Mar Oil, 982 F.2d at 841 (2d. Cir. 1993)(quoting F. H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1265(2d. Circ. 1987)).  A court decides on a case by case basis what entails "hours reasonably expended."  In its analysis, a court should consider "whether the [number] of hours claimed reasonably reflects the quantity and quality of the work performed," and also should consider counsel's experience.  Fiacco v. City of Rensselaer, 663 F. Supp. 743, 745 (N.D.N.Y. 1987); Nazario v. Comm'r of Soc. Sec., 2006 U.S. Dist. Lexis 94512 at *7 (S.D.N.Y. 2006).

For lodestar purposes, any hours that appear excessive or redundant may be excluded by the Court, and "[t]he Second Circuit has cautioned that attorney's fees are to be awarded 'with an eye to moderation.'"  Fiacco at 744 (quoting New York State Association for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1139(2d. Cir. 1983)).  A proper computation of hours also considers the success the claimant has had on her claims.  Hensley v. Eckerhart, 461 U.S. 424, 436 (1983).   Furthermore, an award of attorneys fees is not "a form of economic relief to improve the financial lot of attorneys, nor

3

were [attorney's fee statutes] intended to replicate exactly the fee an attorney could earn through a private fee arrangement with his client." Delaware Valley, 478 U.S. at 565.

In the Northern District of New York, and in other districts within this Circuit, the average time approved by courts for routine social security disability cases ranges from twenty to forty hours.  See, e.g., Greenidge v. Barnhart, 2005 U.S. Dist. Lexis 1996, at *16 (N.D.N.Y. 2005)(awarding 40 hours to Attorney Portnoy's firm for a social security disability case where Plaintiff requested over eighty hours); see also, Grey v. Chater, 1997 U.S. Dist. Lexis 208, at *5 (S.D.N.Y. 1997) (reducing Attorney Portnoy's application, in a case that was not complex, from 60 to 30 hours); Cruz v. Apfel, 48 F. Supp.2d 226, 231 (E.D.N.Y. 1999)(stating that in the Eastern District of New York, routine social security disability cases warrant 20 to 40 hours of attorney time); Pribek v. Sec., Dept. Health and Human Servs., 717 F. Supp. 73, 75 (W.D.N.Y. 1989)(approving forty hours); DiGennaro v. Bowen, 666 F. Supp. at 433 (E.D.N.Y. 1987)(noting compensation in such cases generally ranges from twenty to forty hours); Ceglia v. Schweiker, 566 F. Supp. 118, 125 (E.D.N.Y. 1983) (approving twenty hours); San Filippo v. Sec.  Dept. Health and Human Servs., 564 F. Supp. 173, 177 (E.D.N.Y. 1983) (approving forty-one hours); Vega v. Schweiker, 558 F. Supp. 52, 54 (S.D.N.Y. 1983) (approving approximately thirty hours).

After the Court determines the amount of hours reasonably expended, the compensation is calculated by applying the prevailing community standard.  The EAJA provides for a $125 per hour rate but permits adjustments to the statutory amount based on cost of living increases.  28 U.S.C. 2412 (d)(2)(A); Kerin v. United States Postal Service, 213 F.3d 185, 194 (2d. Cir. 2000).

4

**III.  DISCUSSION**

Attorney Portnoy seeks fees under the EAJA, including time spent on objections to the Magistrate Judge's Report-Recommendation and on the fee application, contending that the government's position was not substantially justified.  The government has opposed the application to extent that it argues that Portnoy's application is excessive and unreasonable.[2]

Attorney Portnoy submits an affidavit and time records indicating that he spent 71.12 hours for the underlying case, 29.4 hours on the objections, and 11.37 hours for the fee application for a total of 111.89 hours.  As indicated above, he seeks compensation at five different rates based on cost of living increase over the period of time that the matter has been pending.  In this regard, Attorney Portnoy requests 5.6 hours for 2002 at $144.07 per hour (underlying claim); 7.5 hours in 2003 at $148.49 per hour (underlying claim); 57.22 hours in 2004 at $153.73 per hour (underlying claim); 30.20 hours in 2005 at $151.64 per hour (29.4 of which were objections to Report-Recommendation); and 11.37 hours in 2006 at $162.79 per hour (fee application).  Attorney Portnoy also argues that special factors, such as his thirty years of experience in litigating Social Security matters and his past tenure as a Social Security Administrative Law Judge, warrant payment at the rate of $250 per hour.

The government contends that the hours requested by Attorney Portnoy are excessive and require reduction, and that there exists no basis for an enhanced hourly

---

[2]The government briefly argues that the Agency's position was substantially justified. Comm'r Mem. of Law in Opp'n to Pl.'s Mot. for Attorney's Fees at 14 [dkt.# 36].  This Court does not discuss the issue of substantial justification as Defendant's argument focuses entirely on reduction of Attorney Portnoy's fees, rather than precluding an award of fees.  Id.; Letter Br. in Resp. to Pl.'s Third Supp. Aff. and Pl.'s Reply Mem. at 2 [dkt. # 42].

5

rate of pay. In this regard, it is the government's position that a total of 20 to 40 hours, which reflect the average for routine Social Security Disability cases, should be applied in this matter. Further, the government points to several specific instances where it contends the hours are unreasonable, and where Attorney Portnoy lists several tasks together under a single time entry making it impossible to determine the reasonableness of the individual activities performed. Moreover, the government argues that the time spent on the objections to the Magistrate Judge's Report-Recommendation are excessive and unreasonable, and should be excluded from the fee award because Plaintiff did not ultimately prevail on the objections.

      This Court finds that Attorney Portnoy's application for 111.89 hours is excessive and unreasonable. First, for many time entries, the amount of hours spent on each undertaking are nearly impossible to ascertain due to grouping together of tasks. For instance, on several occasions Attorney Portnoy's time entries state "draft [specified] brief, legal research, review file." Mot. for Attorney Fees Ex. [dkt.# 27]. As stated in Mar Oil, where hours have been inadequately recorded the Court will not grant the full amount of requested hours, and this Court declines to award fees for poorly detailed time records.

      Second, the time spent on many tasks is unreasonable and excessive. For example, Portnoy cites .70 hours for filing proof of service, .94 hours for a brief 3-sentence letter written to a United States Attorney, a total of over 35 hours drafting a brief, and a total of over 18 hours drafting a reply brief. Mot. for Attorney Fees Ex. [dkt. # 27]. Attorney Portnoy's argument for an enhanced hourly rate - namely, his decades of experience in this particular field - undercuts his argument as to the reasonableness of the time spent on many of these tasks. The case was not overly complex, and an attorney

6

with far less experience in this area of law could have presented the case, including researching and drafting the legal documents, in considerably less time than expended here.  It should also be noted that Attorney Portnoy has had fee applications reduced in the past as being unreasonable and because he did not differentiate the tasks he performed.  See Greenidge, 2005 U.S. Dist. Lexis 1996,  at *12 & n.9, 13 & n.11, 14 (reciting the excessive hours spent by Plaintiff's counsel and noting the difficulty of determining hours reasonably expended where counsel lists several tasks under one time entry); Grey, 1997 U.S. Dist. Lexis 208, at *5 (specifying the hours spent by counsel which were excessive and reducing hours in part because the case was not complex).

Based upon the application made with its attendant lack of clarity, the unreasonableness of the 71.12 hours requested for the underlying litigation, and the amount of time that should be spent on a standard Social Security Disability case,  the Court finds that the application must be reduced.  After considering the record and similar cases in this jurisdiction, the Court finds that thirty hours for the merits portion this case is the proper amount of "hours reasonably expended" under the lodestar inquiry.

Third, the 29.4 hours spent on the objections to the Magistrate's Report-Recommendation is wholly unreasonable.  At the time that the objections were filed, the Magistrate Judge had already recommended that Plaintiff's case be remanded for further proceedings.  While it is might have been reasonable to expend a moderate amount of time to file "objections" in an effort to improve Plaintiff's position on remand, spending more time on the objections than most Social Security cases take *en toto* was wholly unreasonable.

Further, the objections were completely unsuccessful. As the Supreme Court held

in Hensley, "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U. S. C. § 1988." Hensley v. Eckerhart, 461 U.S. at 440.  Thus, "[w]here the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Id.  The Court explained:

> If…a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.

Id. at 436.  At most, the Court finds five hours of time on the unsuccessful objections to be reasonable given the total lack of success on these objections.

Finally, Attorney Portnoy's submission claims 11.37 hours spent on the fee application and subsequent arguments.  While time spent on the fee application is compensable, 11.37 hours is unreasonable and should be reduced. See Trichilo, 823 F.2d at 708 ("Of course, the attorney's fees for litigating the fee application itself must themselves be reasonable, as must all claimed fees under the act.  28 U.S.C. § 2412(d)(2)(A).  If counsel makes inflated or outrageous fee demands, the court could readily deny compensation for time spent in pressing them, since that time would not have been 'reasonably spent'.").  The Court finds that 5 hours for litigation of the fee application is reasonable.

In sum, the Court approves 40 hours, including the time spent on the underlying

claim and the time spent on the fee application. The Court does not find that discretionary adjustments to the fee rate is necessary in this case. Rather, the Court approves Attorney Portnoy's requests for application of the statutory rate with yearly cost of living increases. In this regard, the rates are $144.07 for 2002; $148.49 for 2003; $153.73 for 2004; $151.64 for 2005; and $162.79 for 2006. Multiplying the 40 hours reasonably expended by the proper hourly rate during the five year span of this case, the annual breakdown is 5.6 hours for 2002 at $144.07; 7.5 hours for 2003 at $148.49; 16.1 hours for 2004 at $153.73; .8 hours for 2005 at $151.64; and 10 hours for 2006 at $162.79 resulting in a fee award of $6,144.73. Added thereto are costs and expenses in the amount of $43.06, bringing the total award to $6,187.79.

## IV. CONCLUSION

For the reasons set forth above, Attorney Portnoy's motion for attorney fees and costs under the EAJA is **GRANTED in the amount of $6,187.79.**

**IT IS SO ORDERED**

DATED: APRIL 2, 2007

_____
Thomas J. McAvoy
Senior, U.S. District Judge

9